<hr />

ANDREW G. LUNDBERG

v.

WILLIAM BOLDENWECK.

*Municipal Corporations — Supervisor — Compensation—Payment—Injunction—Secs. 1 and 4, Art. 13, Chap. 139 R. S.—Fraudulent Claim.*

Upon a bill filed by a tax payer to enjoin the delivery of a town warrant to defendant, for his compensation as town supervisor, it being alleged that his bill for services rendered was incorrect, this court declines, in view of the evidence, to interfere with the decree in behalf of the complainant.

[Opinion filed December 2, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Messrs. WALKER & JUDD, for appellant.

Mr. H. H. ANDERSON, for appellee.

GARNETT, J.	The bill in this case was filed by appellee, a taxpayer of the town of Lake View, in Cook county, to enjoin the delivery of a town warrant to appellant for his compensation as supervisor of the town for the period beginning in April, 1888, and ending March 3, 1889.

The bill alleges that during that period Lundberg transacted no business whatever for the town other than seven days' attendance within the town as a member of the board of auditors of the town; that for such attendance he is entitled to only $1.50 per day, but that the board of auditors allowed his claim to the amount of $584.50, for 318 days' service in the town and forty-two days' service outside of the town, and had ordered the town clerk to issue to Lundberg a warrant upon the funds of the town for the sum of $584.50.

The town clerk and Lundberg were made defendants, and an injunction prayed for to restrain the delivery of the warrant. The town clerk answered, confessing the bill, and Lundberg demurred. The demurrer was overruled, and a decree entered as prayed for, from which Lundberg appeals. Sec. 1, Art. 13, Chap. 139, R. S., provides that in each town the supervisor, town clerk and justice of the peace of the town shall constitute a board of auditors. Sec. 4 of the same article requires the board of auditors to examine and audit all charges and claims against the town, and the compensation of all town officers, except the compensation of supervisors for county services.

In Fitzgerald v. Harms, 92 Ill. 372, it was decided that a court of equity can not interfere by injunction with the action of a board of county commissioners in allowing the amount of a contractor's bill' for work and materials on the county court house. There the authority of the county board was to examine and settle all accounts against the county. The court declined to inquire whether the claim of Harms, the contractor, was meritorious or not, holding that the action of the

board, in a matter intrusted to them by law, was final unless fraud is shown.   This ruling can not be disputed.   But the bill filed in this case charges that on March 3, 1889, appellant rendered his bill for 318 days of service in the town at $1.50 per day, and forty-two days outside of the town at $2.50 per day, and that he was elected to the office in April, 1888.

If these allegations are true, it is apparent that appellant rendered his bill for services covering at least twenty-eight more days than had then elapsed in the entire period after his election, including Sundays.   The board could not have failed to perceive that the services alleged could not have been performed, unless they were ignorant and stupid beyond all belief.   The allegations of the bill may not be true, but they present a *prima facie* case of fraud and required an answer.   The decree is affirmed.

*Decree affirmed.*